UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JORDAN K.,

                                        Plaintiff,

v.                                                                     5:24-cv-0266
                                                                      (DNH/TWD)

MARTIN J. O'MALLEY, Commissioner of Social Security,

                                        Defendant.
_____

APPEARANCES:                                           OF COUNSEL:

LEGAL AID SOCIETY OF MID-NY               RAYMOND O. RECCHIA, ESQ.
Legal Aid of Mid-NY
221 S. Warren Street - Suite 310
Syracuse, NY 13202
Counsel for Plaintiff

SOCIAL SECURITY ADMINISTRATION       JASON P. PECK, ESQ.
OFFICE OF THE GENERAL COUNSEL
6401 Security Boulevard
Baltimore, MD 21235
Counsel for Defendant

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION

### I.    INTRODUCTION

Jordan K. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for benefits. Dkt. No. 1. Plaintiff did not consent to the jurisdiction of a Magistrate Judge. Dkt. No. 5. The matter was referred to the undersigned for a

report and recommendation by the Hon. David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d).

Both parties filed briefs, which the Court treats as motions under Federal Rule of Civil Procedure Rule 12(c), in accordance with General Order 18. *See* Dkt. 15, Plaintiff's Brief; Dkt. No. 17, Defendant's Brief. Plaintiff did not file a reply brief. *See generally*, Docket. For the reasons set forth below, the Court recommends Plaintiff's motion for judgment on the pleadings be denied, Defendant's motion be granted, and the decision of the Commissioner be affirmed.

## II. BACKGROUND

Plaintiff was born on July 29, 1991, was 27 years old at his alleged onset date of disability, and 29 years old at the time of his application for benefits. *See* T. 62-63.[1] He has a GED and had only previously worked on a part-time basis. *See id*. at 48-49. On December 7, 2020, Plaintiff protectively filed an application for benefits. *Id*. at 63. He alleged disability beginning on December 18, 2018, due to: low vision, injured head in accident, pain in back, nerve damage in right forearm. *Id*. His application was initially denied on May 19, 2021, and again upon reconsideration on July 2, 2021. *Id*. at 15.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id*. at 120-21. On December 21, 2021, *see id*. at 35-41, and August 3, 2022, *see id*. at 42-61, he appeared before ALJ Gretchen Mary Greisler via teleconference. On November 30, 2022, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act ("SSA"). *See id*. at 15-29. The ALJ's decision became the final decision of the Commissioner when the

---

[1] The Administrative Record/Transcript is found at Dkt. No. 8. Citations to the Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein will be used rather than the page numbers the Court's CM/ECF electronic filing system assigns. Citations to the parties' submissions will use page numbers assigned by CM/ECF, the Court's electronic filing system.

Appeals Counsel Denied Plaintiff's request for review on January 4, 2024. *Id*. at 1. Plaintiff timely commenced this action on February 23, 2024. *See generally*, Dkt. No. 1.

## III.     LEGAL STANDARDS

### A.  Standard of Review [2]

In reviewing a final decision of the Commissioner, a court must first determine whether the correct legal standards were applied, and if so, whether substantial evidence supports the decision. *Atwater v. Astrue*, 512 F. App'x 67, 69 (2d Cir. 2013). "Failure to apply the correct legal standards is grounds for reversal." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal quotation marks and citation omitted). Therefore, a reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986-87 (2d Cir. 1987).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sczepanski v. Saul*, 946 F.3d 152, 157 (2d Cir. 2020) (internal quotation marks and citation omitted). If the ALJ's finding as to any fact is supported by substantial evidence, it is conclusive. 42 U.S.C. § 405(g); *Diaz v. Shalala*, 59 F.3d 307, 312 (2d Cir. 1995). Further, where evidence is deemed susceptible to more than one

---

[2] While the Supplemental Security Income program has special economic eligibility requirements, the requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, therefore, "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Dep't of Health & Hum. Servs. of U.S.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

rational interpretation, the ALJ's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)) (additional citation omitted). If supported by substantial evidence, the Commissioner's findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford* 685 F.2d at 62) (additional citations omitted). A reviewing court cannot substitute its interpretation of the administrative record in place of the Commissioner's if the record contains substantial support for the ALJ's decision. *See Rutherford*, 685 F.2d at 62.

When inadequacies in the ALJ's decision frustrate meaningful review of the substantial evidence inquiry, remand may be appropriate. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019); *Pratts v. Chater*, 94 F.3d, 34, 39 (2d Cir. 1996). Remand may also be appropriate where the ALJ has failed to develop the record, adequately appraise the weight or persuasive value of witness testimony, or explain his reasonings. *See Klemens v. Berryhill*, 703 F. App'x 35, 35-38 (2d Cir. 2017); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999); *Estrella*, 925 F.3d at 98; *Burgess v. Astrue*, 537 F.3d 117, 130 (2d Cir. 2008); *Pratts*, 94 F.3d at 39.

### B. Standard for Benefits

To be considered disabled, a plaintiff seeking disability benefits must establish he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). Additionally, the claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 423(d)(2)(A).

The Social Security Administration regulations outline a five-step process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (citing *Burgess*, 537 F.3d at 120; 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v)). The claimant bears the burden of proof regarding the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant meets his or her burden of proof, the burden shifts to the Commissioner at the fifth step to prove the claimant is capable of working. *Id*.

5

IV. **THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation process promulgated by the Commissioner for adjudicating disability claims. *See generally*, T. 17-29. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 7, 2020, the application date. *Id*. at 17. Proceeding to step two, the ALJ determined Plaintiff had the following severe impairments: left eye vision disorder, thoracic disc herniation, and depressive disorder. *Id*. at 18.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id*. at 18. The ALJ next determined Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain additional limitations, specifically:

> [Plaintiff] can occasionally stoop, balance, crouch, crawl, kneel, and climb ramps and stairs, but never climb ladders, ropes of scaffolds. The claimant cannot work at unprotected heights. He can perform simple tasks at a consistent, goal-oriented pace. The claimant can tolerate occasional interactions with supervisors and coworkers, but no interactions with the public. He can make simple decisions and tolerate occasional minor changes. The claimant can perform tasks that do not require binocular vision.

*Id*. at 20. At step four, the ALJ found Plaintiff had no past relevant work. *Id*. at 28. At step five, the ALJ determined, based on his age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy the Plaintiff could perform. *Id*. Accordingly, the ALJ concluded Plaintiff was not disabled. *Id*. at 29.

V. **DISCUSSION**

Plaintiff first argues the ALJ erred in finding the opinions of Drs. Grassl and Roemer unpersuasive, *see* Dkt. No. 15 at 12-14, and failing to develop a full and fair record, *see* Dkt. No.

6

15 at 14-16.  Defendant contends substantial evidence supports the ALJ's findings, *see* Dkt. No. 17 at 7-11, and the ALJ fully and fairly developed the record, *see* Dkt. No. 17 at 12-13.

### A.  The ALJ Did Not Err in Assessing Opinion Evidence

Plaintiff avers the ALJ erred in finding the opinions of Dr. Grassl, who examined him, and Dr. Roemer, who treated him, unpersuasive while finding the opinions of consultant Drs. Hoffman and Fernandez persuasive.  *See* Dkt. No. 15 at 12-14.  To that end, Plaintiff emphasizes "Dr. Grassl . . . and Dr. Roemer . . . found marked limitations in Plaintiff's ability to interact with others . . . [but] Drs. Hoffman and [F]ernandez found that the plaintiff had only moderate impairment in these areas . . . ."  *Id*. at 12 (citations omitted).  Regarding the opinion of Dr. Grassl, the ALJ remarked:

> Dr. Grassl's opinion that the claimant had marked limitations with concentration and pace and no limitations with simple directions and avoid hazards . . . is persuasive as it is consistent with the medical evidence of record.  The claimant was diagnosed with depressive disorder and had signs and symptoms associated with that condition.  However, in August of 2020, his speech, thought process, thought content, motor strength, muscle tone, gait and station, fund of knowledge, cognition, insight, and judgment were all normal and/or intact and he had no symptoms of psychosis.  In April of 2021, Dr. Grassl noted that the claimant's personal hygiene, posture, motor heavier, eye contact, speech, thought process, sensorium, attention, concentration, memory, intellectual functioning, and fund of information were all normal and/or intact. Dr. Grassl's marked limitations for the claimant's social interactions . . . is unpersuasive, as it is inconsistent with the treatment notes cited above.  Furthermore, he spends time with others in person and through texting and he attends social groups on a regular basis.

T. 26 (citations omitted).  With respect to the opinion of Dr. Roemer, the ALJ concluded:

> Dr. Roemer reported that he had treated the claimant from February 2, 2021, and through January 11, 2022.  He opined that the claimant had marked to extreme limitations in all areas.  Dr. Roemer's opinion is unpersuasive, as it is inconsistent with the medical evidence of record.  The claimant was diagnosed with depressive disorder and had signs and symptoms associated with those

7

> conditions. However, in August of 2020, his speech, thought process, thought content, motor strength, muscle tone, gait and station, fund of knowledge, cognition, insight, and judgment were all normal and/or intact and he had no symptoms of psychosis. In April of 2021, the claimant's personal hygiene, posture, motor behavior, eye contact, speech, thought process, sensorium, attention, concentration, memory, intellectual functioning, and fund of information were all normal and/or intact. In August of 2022, he denied any symptoms of depression and his behavior was normal and/or intact.

*Id*. at 26-27 (citations omitted).

"[U]nder the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position." *Megan Ann G. v. Comm'r of Soc. Sec.*, No. 5:23-CV-0298 (DNH/TWD), 2024 WL 4110742, at *5 (N.D.N.Y. Aug. 19, 2024) (citing *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012)) (additional citation omitted), *report and recommendation adopted*, 2024 WL 4107708 (N.D.N.Y. Sept. 6, 2024). Rather, the relevant inquiry is "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original) (citing *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013)) (additional citation omitted). Further, "[i]t is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability." *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 204 (N.D.N.Y. 2012) (citations omitted). Additionally, it is well established that "an ALJ is not required to discuss every piece of evidence submitted . . . [and a]n ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Brault*, 683 F.3d at 448 (internal quotations and citation omitted).

Applying this deferential standard, the undersigned finds no error in the ALJ's rejection of Drs. Grassl and Roemer's opined marked limitations in the domain of interacting with others. As the ALJ referenced, *see* T. 26-27, during her April, 2021, evaluation of the plaintiff, Dr. Grassl observed his demeanor was cooperative, eye contact was appropriate, speech fluent, expressive and receptive language adequate, and thought process was coherent and goal directed, T. 1151. Further, treatment notes from other sources documented normal mental status findings. *See*, *e.g.*, *id*. at 665 (attention and perception normal, mood and affect normal, speech normal, behavior normal and cooperative, thought content normal, cognition and memory normal, judgment normal), 694 (cooperative, appropriate eye contact, speech of normal quality and fluent, mood "OK," affect euthymic, stable, and appropriate, thought process linear, coherent, and goal directed), 1404 (alert, appropriately oriented, behavior normal); *see also*, *e.g.*, *Laurie A. T. v. Kijakazi*, No. 8:21-CV-1071 (TJM/DEP), 2022 WL 17342044, at *5-6 (N.D.N.Y. Nov. 2, 2022) (ALJ finding opinion that Plaintiff had marked impairment in, *inter alia*, interacting with others, to be not persuasive was supported by substantial evidence where the "ALJ specifically noted, for example, that the treatment record from the same date as the opinion indicated . . . [the plaintiff] was well groomed, cooperative and relaxed with good eye contact, an organized thought process, logical and rational thoughts, intact cognitive functioning . . . " and "also specifically pointed to findings from other treatment records . . . ."), *report and recommendation adopted*, 2022 WL 17338813 (N.D.N.Y. Nov. 30, 2022).

Plaintiff accuses the ALJ of cherry picking evidence supporting the less severe findings of the state agency consultants while ignoring evidence in the examining sources' reports. *See*

Dkt. No. 15 at 12-13.³  To that end, Dr. Roemer listed the following clinical findings on his medical report: "mood swings, hypomanic [and] manic episodes, angry outbursts, auditory and visual hallucinations, physical fighting, gambling, overspending, [and] hypersexualism," T. 1354, and during the examination of Plaintiff, Dr. Grassl observed his mood and affect were "labile," his insight was "fair," and judgment was "poor," T. 1152.

Even accepting Plaintiff's contention these findings support a determination of marked limitations in interacting with others, the Court concludes substantial evidence supports the ALJ's decision that Plaintiff was only moderately limited in this domain.  *See* T. 19.  This evidence includes the opinions of the state agency consultants, Plaintiff's statements, and the findings of Dr. Grassl cited by the ALJ.  *See* T. 20-28; *see also* , *e.g.*, *Jody L. B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-0734 (CFH), 2022 WL 1541461, at *7 (N.D.N.Y. May 16, 2022) (concluding "the ALJ did not cherry pick the record or improperly weigh" the evidence where "[a]lthough the ALJ did not recite these records verbatim in her decision, she explicitly cited them" and referenced the claimant's own statements); *Laura Anne H. v. Saul*, No. 6:20-CV-0397

---

³ Specifically, Plaintiff cites to *Hickman v. Astrue*, 728 F. Supp. 2d 168, 180 (N.D.N.Y. 2010), in support of the proposition that it is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination, and to *Phelps v. Colvin*, No. 1:12-CV-0976, 2014 WL 122189, at *4 (W.D.N.Y. Jan. 13, 2014), arguing "[w]hen crediting only portions of a medical source opinion smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an administrative law judge must have a sound reason for weighing portions of the same-source differently." Dkt. No. 15 at 12.  However it appears Plaintiff intended to reference this Court's decision in *Younes v. Colvin*, which stated:
> There is no absolute bar to crediting only portions of medical source opinions.  But, when doing so smacks of "cherry picking" of evidence supporting a finding while rejecting contrary evidence from the same source, an administrative law judge must have a sound reason for weighting portions of the same-source opinions differently.

No. 1:14-CV-0170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015).

10

(TWD), 2021 WL 4440345, at *4 (N.D.N.Y. Sept. 28, 2021) (rejecting the plaintiff's argument "that the ALJ 'cherry-picked' the evidence and should have discussed the evidence supporting her claim more thoroughly," explaining, "[w]hile there may be some evidence in the record to support Plaintiff's position, where 'evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.'") (quoting *McIntyre*, 758 F.3d at 149) (additional citation omitted).  Further, the Court agrees with the Defendant that, to the extent Plaintiff invites the undersigned to reweigh the evidence, this Court is prohibited from doing so.  *See Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) ("[Claimant]'s disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it.").

     Plaintiff next asserts the ALJ's opinion was "inconsistent when pointing out that Drs[.] Hoffman and Fernandez were specialists approved by the Commissioner . . . , but not applying the same analysis to Dr. Grassl . . . ."  Dkt. No. 15 at 13.  While it is true the ALJ did not explicitly reference Dr. Grassl's status as a consultive examiner working at the behest of the Social Security Administration in determining the weight to give Dr. Grassl's opinion, *see generally*, T. 26, such an omission was not erroneous as the regulations provide an ALJ is not required to explain how she considered a medical source's specialization.  *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) ("We *may, but are not required to,* explain how we considered" the specialization, relationship, and other factors in evaluating opinions.) (emphasis added); *see also*, *e.g.*, *Mary M. v. Comm'r of Soc. Sec.*, No. 8:20-CV-1594 (TWD), 2022 WL 823850, at *8 (N.D.N.Y. Mar. 17, 2022) (finding the "Plaintiff's argument that the ALJ did not evaluate other factors, including specialization or relationship to the individual, to be without merit . . . [as t]he

11

ALJ was not required to explain how he considered those factors in the decision.") (citations omitted).

Plaintiff also argues "the opinions of Drs[.] Hoffman and Fernandez were rendered without access to the statements of Dr. Roemer," as the questionnaire completed by Dr. Roemer was received after the state psychological consultants issued their opinions, therefore, their opinions cannot constitute substantial evidence to support the ALJ's RFC determination. Dkt. No. 15 at 13-14. However, as the Defendant points out, *see* Dkt. No. 17 at 11, "[a] consultative examination is not stale simply because time has passed, in the absence of evidence of a meaningful change in the claimant's condition." *Cruz v. Comm'r of Soc. Sec.*, No. 1:16-CV-0965, 2018 WL 3628253, at *6 (W.D.N.Y. July 31, 2018); *see also*, *e.g.*, *Tammy M. v. Comm'r of Soc. Sec. Admin.*, No. 6:21-CV-1288 (DEP), 2023 WL 2631885, at *7 (N.D.N.Y. Mar. 24, 2023) (explaining "the pivotal question" when assessing stateless "is whether there was a material change in the claimant's condition that would impact the validity of the opinion.") (citing *Maxwell H. v. Comm'r of Soc. Sec.*, No. 1:19-CV-0148 (LEK/CFH), 2020 WL 1187610, at *5 (N.D.N.Y. Mar. 12, 2020); *Camille v. Colvin*, 652 F. App'x 25, 28 n.4 (2d Cir. 2016)).

Here, nothing in Dr. Roemer's opinion indicates, *see* T. 1353-57, nor does Plaintiff argue, *see* Dkt. No. 15 at 13-14, there was a change in Plaintiff's condition after the consultants rendered their opinions. Therefore, Plaintiff's argument is unpersuasive. *Ruth M. v. Saul*, No. 5:18-CV-1006 (FJS/CFH), 2020 WL 819323, at *8 (N.D.N.Y. Feb. 19, 2020) (explaining, "a medical opinion is not necessarily stale simply based on its age and a more dated opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age.") (citation omitted), *report and recommendation adopted*, 2020 WL 1245404 (N.D.N.Y. Mar. 16, 2020). In any event, the ALJ had access to and considered the questionnaire completed

by Dr. Roemer, and compared Dr. Roemer's opinion with the other medical evidence of record. *See* T. 26-27; *see also*, *e.g.*, *Kim M.W. v. O'Malley*, No. 5:23-CV-0688 (MAD/ML), 2024 WL 4462340, at *10 (N.D.N.Y. Sept. 9, 2024) (rejecting the Plaintiff's argument that the ALJ erred in relying on the "stale" opinions of the state agency consultants as "[t]he ALJ's decision demonstrates that she did not rely on the consultants' opinions alone in crafting the RFC determination, but considered the longitudinal record that included" evidence dated after the consultants rendered their opinions), *report and recommendation adopted*, 2024 WL 4284628 (N.D.N.Y. Sept. 25, 2024).

### B. The ALJ Satisfied Her Duty to Develop the Record

Finally, Plaintiff argues the ALJ "failed to develop a full and fair record by not seeking additional treatment records from Helio Health, where Dr. Roemer was employed." Dkt. No. 15 at 15. Plaintiff avers "[t]he medical assessment of Dr. Roemer stated that he had been treating the Plaintiff from February 2, 2021, to January 14, 2022, but beyond the assessment there are no records from him or Helio Health where he worked during this period . . . ." *Id*. (citation omitted).

"The ALJ has an affirmative duty to develop the record in a disability benefits case." *Evans v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 518, 537 (S.D.N.Y. 2015) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). However, "it is well established that where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information . . . ." *Id*. at 537-38 (citing *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)) (additional quotations and citations omitted). Further, "where (as here) the [plaintiff] is represented, the ALJ may satisfy the duty to develop the record by relying on the [plaintiff's] counsel to obtain additional medical

13

documentation." *Joseph J. B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-0652 (BKS/CFH), 2024 WL 4217371, at *4 (N.D.N.Y. Aug. 29, 2024) (collecting cases) (internal quotations and citations omitted), *report and recommendation adopted*, 2024 WL 4216048 (N.D.N.Y. Sept. 17, 2024).

Here, Plaintiff's contention that the ALJ failed to develop the record is meritless. First, as the Commissioner points out, *see* Dkt. No. 17 at 13, Plaintiff was represented by counsel at the hearing before the ALJ and the ALJ held the record open following the hearing to provide Plaintiff an opportunity to obtain additional records. *See* T. 45-46. Further, the ALJ offered to assist Plaintiff's counsel in obtaining the outstanding records. *See id*. at 46, 60. Finally, as explained above, the record contained other medical evidence which was sufficient to support the ALJ's conclusions. Therefore, Plaintiff's argument that "Dr. Roemer's statements[s] . . . could well have been supported by additional evidence form a year's worth of treatment records," Dkt. No. 15 at 16, is insufficient to warrant remand. *See*, *e.g.*, *Jordan v. Comm'r of Soc. Sec.*, 142 F. App'x 542, 543 (2d Cir. 2005) (concluding "[t]he ALJ fulfilled his duty to develop the administrative record," where the claimant's counsel volunteered to obtain records from the claimant's physician and the ALJ held the record open to allow counsel to do so).

## VI.   CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) be **DENIED**; and it is further

**RECOMMENDED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 17) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the

Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: December 2, 2024
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge